**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1346
_____

JAMES HAMMONDS,
                                        Appellant

v.

DIRECTOR PENNSYLVANIA BUREAU OF DRIVER LICENSING
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-00514)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed:  August 6, 2015)
_____

OPINION*
_____

PER CURIAM

        James Hammonds appeals pro se from the District Court's order dismissing his

amended complaint.  For the following reasons, we will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Hammonds commenced this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania against Janet L. Dolan, the director of the Pennsylvania Department of Transportation's ("PennDOT") Bureau of Driver Licensing. Hammonds subsequently amended the complaint to substitute the current director, Kara N. Templeton, as the defendant.

In the amended complaint, Hammonds states that, in 2002, he pleaded guilty in the Allegheny County Court of Common Pleas to driving under the influence of alcohol, and was ordered to attend an "alcohol highway safety school." (Am. Compl. ¶ 4, ECF No. 7.) According to Hammonds, the Clerk of Courts of Allegheny County "erroneously falsified" the form that certified his conviction to PennDOT by checking the box for "Act 122 Treatment Required."[1] (Id. at ¶ 5.) Hammonds claims that, as a result of this error, PennDOT issued him a Restoration Requirements Letter in April 2014 indicating that, in order to have his driving privilege restored, he must complete an alcohol addiction treatment program and apply for an Ignition Interlock license. Hammonds further claims

---

[1] "Act 122," 75 Pa. Cons. Stat. Ann. § 1541(d), provides that:

> A defendant ordered by the court . . . to attend a treatment program for alcohol or drug addiction must successfully complete all requirements of the treatment program ordered by the court before the defendant's operating privilege may be restored.

2

that, following additional inquiry, he received a letter in May 2014 from defendant Templeton confirming that he was required to complete the treatment program.[2]

Based on these allegations, Hammonds contends that he was "denied procedural due process required by the Fourteenth Amendment." (Id. at ¶ 8.) By way of remedy, Hammonds asks that his "driving privilege be restored" without any cost to him.

The defendant moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on several grounds, including: (1) Hammonds failed to state a federal claim; (2) Hammonds failed to state a claim against defendant Templeton; (3) defendant Templeton is entitled to Eleventh Amendment immunity; and (4) any claim arising from the 2002 Certification of Conviction is time-barred. The District Court agreed with the defendant that she was entitled to Eleventh Amendment immunity and dismissed the complaint. Hammonds now appeals from the District Court's order.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing the complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). "'[W]e may affirm a correct decision of the district court on grounds other than those relied upon by the district court.'" Holk v. Snapple Beverage Corp., 575 F.3d 329, 335 (3d Cir. 2009) (quoting Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1107 (3d Cir. 1996)).

---

[2] That letter, which Hammonds submitted to the District Court, clarifies that Hammonds was not, however, required to apply for an Ignition Interlock license.

III.

We agree with the District Court that defendant Templeton enjoys Eleventh Amendment immunity from suit for money damages for acts taken in her official capacity. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010). We note, however, that Hammonds does not appear to seek money damages in the amended complaint; rather, as previously noted, he asks for his driving privileges to be restored at no cost to him. Suits against state officials that seek prospective injunctive relief to end a violation of federal law are not barred by the Eleventh Amendment. See Ex Parte Young, 209 U.S. 123 (1908); see also Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 318 (3d Cir. 2013) ("The theory behind Young is that a state officer lacks the authority to enforce an unconstitutional state enactment, and thus the officer is stripped of his official or representative character and becomes subject to the consequences of his individual conduct.") (quotation marks and citation omitted). The District Court did not address whether the Young exception to Eleventh amendment immunity applies to Hammonds's purported claim against defendant Templeton.

We conclude, however, that the District Court properly dismissed the amended complaint because Hammonds failed to state a procedural due process claim under 42 U.S.C. § 1983 against the sole defendant, defendant Templeton. See Fed. R. Civ. P. 12(b)(6); see also Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097-98 (11th Cir. 2004) ("[I]f the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise."). A complaint can survive a motion to dismiss if it contains

4

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quotation and citation omitted).

In the amended complaint, Hammonds alleges that the Allegheny County Clerk committed some type of fraud when filing the Certification of Conviction form, and that PennDOT is relying on this "falsified" form to require Act 122 treatment. Assuming that Hammonds purports to assert that he has a Fourteenth Amendment interest in his driver's license, he does not contend that defendant Templeton denied him adequate process. While we construe the allegations of a pro se pleading liberally, see United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999), we fail to discern either a procedural due process claim—or any other claim under § 1983—against defendant Templeton here. We have carefully reviewed Hammonds's submissions in this Court and the District Court, and are satisfied that further amendment of the amended complaint would have been futile. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). We therefore conclude that the District Court properly dismissed it.[3]

---

[3] The District Court recognized that Hammonds attempted to raise a state-law claim in his response in opposition to the motion to dismiss, and dismissed that claim without

5

IV.

For the foregoing reasons, we will affirm the District Court's order dismissing the amended complaint.

---

prejudice to his ability to pursue it in state court. Hammonds does not challenge this determination on appeal, and we see no error in this regard.